DECISION
{¶ 1} Appellant, Jason R. Hall, appeals from a judgment of the Franklin County Court of Common Pleas that overruled his motion to withdraw his guilty plea and sets forth the following assignments of error:
Assignment of Error One
The court erred in treating appellant's motion to withdraw guilty plea as being "Post-Sentence" in that it was filed and heard prior to the sentencing entry being filed and journalized with the clerk of court.
Assignment of Error Two
It was error for the court to deny appellant's motion to withdraw his guilty plea in that such withdrawal was necessary to correct a manifest injustice.
 {¶ 2} In March 2002, appellant went to the home of Brad Madden seeking information relating to the vandalism of his and his mother's car a week earlier. An argument involving several individuals ensued. The state asserted that, when appellant was leaving Madden's apartment complex, he drove his car at the victim, James Johnson, striking him and causing Johnson's body to land on the hood of appellant's car. The state further asserted that appellant repeatedly swerved or hit his brakes, causing Johnson to fall off of the car, sustaining serious injuries. Appellant contends that Johnson jumped to the hood of the car in an effort to continue the argument, that appellant stopped several times to allow Johnson to get off of the car and that, eventually, Johnson just fell off. At the plea hearing, the state said Johnson did jump on the hood of the car but did so to avoid being hit.
 {¶ 3} Appellant was indicted on one count of aggravated vehicular assault and one count of felonious assault. Because appellant was driving with a suspended driver's license, he was subject to a mandatory prison term if convicted of aggravated vehicular assault. Appellant was offered and accepted a plea bargain and pled guilty to felonious assault, thereby avoiding a mandatory prison sentence. The trial court accepted appellant's guilty plea, referred appellant for a pre-sentence investigation and eventually sentenced him to two years in prison, ordered restitution and did not foreclose the possibility of judicial release.
 {¶ 4} Three days after sentencing, appellant filed a motion to withdraw his guilty plea. The motion was couched in the language of a post-sentence motion. In the motion, appellant argued that appellant's counsel was unaware that the victim admitted jumping onto the hood of the car, or that the victim's step-son broke the rear window of appellant's car while appellant was attempting to leave the apartment complex where Madden lived. At the hearing on the motion to withdraw the guilty plea, appellant's counsel argued that these facts substantiated appellant's version of the events. The motion also alleged that the victim had pled guilty to a charge of gross sexual imposition and that this information could have been used for impeachment purposes, but was not provided to appellant in discovery. The motion further referred to letters that the court had received from the victim's family and friends. Last, the motion requested the court to reconsider the sentence in light of R.C. 2929.12.
 {¶ 5} The court held a lengthy hearing on the motion to withdraw the guilty plea, at which arguments were heard from both parties, but no evidence was taken. At the hearing, appellant raised additional reasons for withdrawing his plea, including inconsistent statements between the witnesses and the information in the complaint filed by the investigating detective and the failure of the state to provide appellant with photos and diagrams of the scene.
 {¶ 6} The trial court determined the pivotal issue to be whether appellant struck the victim with his car, thereby causing the victim to be on the hood of the car; whether the victim jumped on the car to continue the argument; or whether the victim jumped on the car to avoid being struck or run over by appellant. Within that framework, the trial court determined that the issues raised by appellant did not affect his decision to enter a guilty plea and he had failed to show the existence of manifest injustice.
 {¶ 7} The trial court determined that the photos of the apartment complex and the diagram were made sometime after the event and indictment and, therefore, were work product and not subject to discovery. Even if subject to discovery, the trial court concluded these had no effect on appellant's decision as to whether to enter a guilty plea or go to trial. The trial court noted that, inasmuch as the photos and diagrams were made after the events of March 2002, appellant could just as easily have made or obtained this information himself. Although concerned about the failure of the state to provide evidence of the victim's past record, the trial court was equally concerned that all parties involved were long-time acquaintances; that appellant's girlfriend, with whom appellant was living, was aware of the victim's past record; yet, appellant claimed to have no knowledge of the victim's prior conviction until after sentencing. The court stated that, despite discrepancies between the witness statements and what the detective stated in the complaint, it appeared the officer was confronted with various versions of the events and accepted one version that formed the basis of the complaint.
 {¶ 8} Appellant's assignments of error are related and will be addressed together. In his first assignment of error, appellant argues that the trial court erred in considering the motion as a post-sentence motion, rather than a pre-sentence motion, to withdraw the guilty plea. In his second assignment of error, appellant argues the trial court erred by failing to find the existence of manifest injustice.
 {¶ 9} Crim.R. 32.1 provides:
A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
 {¶ 10} Appellant argues that, although sentence had been imposed, his plea should be treated as a pre-sentence motion because the judgment entry had not yet been filed. We disagree. Regardless of whether the judgment entry had been filed, sentence had been imposed and appellant was aware that he was going to prison. The purpose of a motion to withdraw a guilty plea after sentence has been imposed is to correct a manifest injustice, not to allow the defendant to test the weight of potential punishment and, if dissatisfied, withdraw his guilty plea.
 {¶ 11} A motion to withdraw a guilty plea after sentence is addressed to the sound discretion of the trial court and the trial court's judgment will not be reversed absent a demonstration of abuse of discretion. In order to find that the trial court abused its discretion, we must find more than an error of law or judgment, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Most instances of an abuse of discretion result in decisions that are unreasonable as opposed to arbitrary and capricious. AAAA Enterprises,Inc. v. River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157. A decision that is unreasonable is one that has no sound reasoning process to support it.
 {¶ 12} A defendant seeking to withdraw a guilty plea after sentencing has the burden of establishing the existence of manifest injustice. The term "manifest injustice" has been variously defined but it is clear that a post-sentence motion to withdraw a plea is allowable only in extraordinary cases. As a rule, manifest injustice relates to some fundamental flaw in the proceedings which result in a miscarriage of justice or is inconsistent with the demands of due process.
 {¶ 13} Appellant was aware at the time of the plea hearing, two months before sentencing, that the victim admitted to jumping on the hood of the car and could have decided to withdraw his plea then, if that fact was essential to his decision of whether or not to enter a guilty plea or go to trial. This statement was material but not necessarily exculpatory, as the victim stated he jumped on the car to avoid being run over by appellant. Likewise, the failure of the prosecutor to provide photos and diagrams did not result in manifest injustice. Assuming these items were discoverable, they only show the scene sometime after the events giving rise to the charges had taken place and have no relevance to the issue of how the victim came to be on the hood of appellant's car. At most, the photographs demonstrate the physical layout of the apartment complex and could easily have been obtained by appellant himself.
 {¶ 14} In State v. Spikes (1981), 67 Ohio St.2d 405, the Ohio Supreme Court considered the application of Crim.R. 16(B)(1)(e), which requires the prosecutor to provide a defendant with a copy of the prior felony records of witnesses the state intends to call at trial. The court in Spikes followed Brady v. Maryland (1963), 373 U.S. 83, and established the following criteria to determine whether the failure to disclose criminal records created a manifest injustice so as to require the withdrawal of the guilty plea: the court considered whether there was suppression by the state, whether the evidence was favorable to the defense, and the materiality of the evidence.
 {¶ 15} The prosecutor stated that, given the number of criminal cases in Franklin County, record checks on all prosecution witnesses are only done when a case is going to go to trial and, in this instance, a plea had been anticipated. There was no evidence the victim's prior felony record was suppressed by the state. Further, we find it strains credulity that appellant's girlfriend, with whom appellant was living, was aware of the victim's past conviction but never made this information known to appellant, although she did not tell his attorney until after sentencing. While the victim's prior felony conviction could have been used to impugn his character, the state submitted a lengthy list of other witnesses to appellant's assault on Johnson with his car. The victim's injuries were well documented. Evidence of a witness' prior felony record is material; however, we cannot say in this case that the failure to disclose it created a manifest injustice.
 {¶ 16} We find the trial court did not err in finding that the grounds asserted by appellant for withdrawing his guilty plea did not establish the existence of manifest injustice.
 {¶ 17} For the foregoing reasons, appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Lazarus and Watson, JJ., concur.